UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN ELECTRICAL EMPLOYEES' PENSION FUND, Trustees of; MICHIGAN ELECTRICAL EMPLOYEES HEALTH PLAN, Trustees of; NATIONAL ELECTRICAL BENEFIT FUND, Trustees of; NATIONAL ELECTRICAL ANNUITY FUND, Trustees of; WEST MICHIGAN ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST, Trustees of; WEST MICHIGAN LABOR-MANAGEMENT COOPERATION FUND, Trustees of; SAGINAW ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST, Trustees of; SAGINAW LABOR-MANAGEMENT COOPERATION FUND, Trustees of; I.B.E.W. LOCAL UNION NO. 665 JOINT APPRENTICESHIP AND TRAINING COMMITTEE – LANSING, Trustees of; LANSING LABOR MANAGEMENT COOPERATION FUND, Trustees of; IBEW LOCAL 665 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, Trustees of; BAY CITY ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST, Trustees of; BAY CITY LABOR-MANAGEMENT COOPERATION FUND, Trustees of; FLINT ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST, Trustees of; and FLINT LABOR-MANAGEMENT COOPERATION FUND, Trustees of,

        Plaintiffs,

v.

ROTH ELECTRICAL, LLC,
a Michigan limited liability company,

        Defendant.

Case No.

Hon.

WATKINS, PAWLICK,
CALATI & PRIFTI, PC
HOPE L. CALATI (P54426)
Attorneys for Plaintiffs
1423 E. Twelve Mile Rd.
Madison Heights, MI 48071
(248) 658-0800

## COMPLAINT

1. Plaintiffs are the Trustees of the Michigan Electrical Employees' Pension Fund, the Trustees of the Michigan Electrical Employees Health Plan, the Trustees of the National Electrical Benefit Fund ("NEBF"), the Trustees of the National Electrical Annuity Fund ("NEAP"), the Trustees of the West Michigan Electrical Joint Apprenticeship and Training Committee Trust, the Trustees of the West Michigan Labor-Management Cooperation Fund, the Trustees of the Saginaw Electrical Joint Apprenticeship and Training Committee Trust, the Trustees of the Saginaw Labor-Management Cooperation Fund, the Trustees of the I.B.E.W. Local Union No. 665 Joint Apprenticeship and Training Committee – Lansing, the Trustees of the Lansing Labor Management Cooperation Fund, the Trustees of the IBEW Local 665 Supplemental Unemployment Benefit Fund, the Trustees of the Bay City Electrical Joint Apprenticeship and Training Committee Trust, the Trustees of the Bay City Labor-Management Cooperation Fund, the Trustees of the Flint Electrical Joint Apprenticeship and Training Committee Trust, and the Trustees of the Flint Labor-Management Cooperation Fund (collectively,

"Funds"), which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §§186, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §§1001, *et seq*. The Michigan Electrical Employees' Pension Fund and the Michigan Electrical Employees Health Plan maintain their principal offices in the City of Lansing, Michigan. The National Electrical Benefit Fund and the National Electrical Annuity Fund maintain their principal offices in the City of Rockville, Maryland. The West Michigan Electrical Joint Apprenticeship and Training Committee Trust and the West Michigan Labor-Management Cooperation Fund maintain their principal offices in City of Coopersville, Michigan. The Saginaw Electrical Joint Apprenticeship and Training Committee Trust and the Saginaw Labor-Management Cooperation Fund maintain their principal offices in the City of Saginaw, Michigan. The I.B.E.W. Local Union No. 665 Joint Apprenticeship and Training Committee – Lansing and the Lansing Labor Management Cooperation Fund maintain their principal offices in the City of Lansing, Michigan. The Trustees of the Bay City Electrical Joint Apprenticeship and Training Committee Trust and the Trustees of the Bay City Labor-Management Cooperation Fund maintain their principal offices in the Bay City, Michigan. The Flint Electrical Joint Apprenticeship and Training Committee Trust and the Flint

Labor-Management Cooperation Fund maintain their principal offices in the City of Flint, Michigan.

2. Defendant Roth Electrical, LLC ("Roth Electrical") is a Michigan limited liability company doing business in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12). Its principal place of business is in the City of Burton, County of Genesee, State of Michigan.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements ("Agreements") entered into by International Brotherhood of Electrical Workers Local Union Nos. 275, 557, 665, 692 and 948 ("Unions"), unincorporated labor organizations representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(12), to which defendant, as an employers, is bound.

4. Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which the defendant is located.

5. Defendant Roth Electrical is bound by the Agreements, copies of which are in Defendants' possession.

6. Defendant Roth Electrical also is and has been bound by the terms of the applicable trust agreements establishing the Funds incorporated by reference in the Agreements.

7. Under the terms of the Agreements, defendant Roth Electrical was and is obligated to make contributions to the Funds with respect to covered work performed by and wages paid to employees of Roth Electrical.

8. Defendant Roth Electrical has, in violation of its contractual obligations, failed to pay all of the contributions it was obligated to pay.

9. The amount of the indebtedness of defendant Roth Electrical for such fringe benefit contributions (including contractual liquidated damages) for work performed during the audit period of January 2013 through October 2016 is $40,111.19, consisting of $26,342.84 in unpaid contributions, $11,286.31 in late payment assessments arising from audit (audit assessments), $1,728.97 in NEAP interest and $753.07 in NEBF interest.

10. The full amount of the indebtedness of Defendant Roth Electrical for delinquent contributions and related amounts cannot be determined until defendant submits its complete books and records for inspection and audit for the period of November 2016 through the present.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant Roth Electrical containing the following provisions:

A. Adjudicating that Defendant Roth Electrical entered into (or adopted) collective bargaining agreements with the Union and that, pursuant to such collective bargaining agreements and applicable law, Defendant Roth Electrical was obligated to make fringe benefit contributions to Plaintiffs for, or with respect to work performed by, those of its employees who were represented by the Unions;

B. Adjudicating that Defendant Roth Electrical is contractually obligated to Plaintiffs for the period from (at the latest) January 2013;

C. Ordering Defendant Roth Electrical to specifically perform all of the fringe benefit provisions of the collective bargaining agreements which it entered into with the Unions;

D. Awarding Plaintiffs $40,111.19, representing the audited indebtedness based on work performed from January 2013 through October 2016, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to ERISA and Plaintiffs' plan documents;

E. Requiring Defendant Roth Electrical to make available to an

auditor appointed by Plaintiffs all of its books, records and accounts showing work performed by employees, hours worked by employees and any sums paid to Plaintiffs and to employees covered by the collective bargaining agreements for the period of November 2016, to the date of said audit, and to pay for the cost of auditing said books;

      F.    Entering judgment against Defendant Roth Electrical in all amounts such audit reveals as owed by Defendant Roth Electrical, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to ERISA and Plaintiffs' plan documents; and

      G.    Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

WATKINS, PAWLICK, CALATI & PRIFTI, PC

By:   s/ Hope L. Clati
       HOPE L. CALATI (P54426)
       Attorneys for Plaintiffs
       1423 E. 12 Mile Road
       Madison Heights, MI 48071
       248-658-0800
       hcalati@wpcplaw.com

Dated: April 23, 2020